**Ex parte ROSE.**

**No. 52.**

District Court, W. D. Missouri, S. D.

April 20, 1940.

Louren Davidson, of Springfield, Mo., for defendant.

William Orr Sawyers, Asst. to U. S. Dist. Atty., and Richard K. Phelps, both of Kansas City, Mo., for the United States.

REEVES, District Judge.

The petitioner seeks his discharge from the custody of Dr. M. R. King, Warden United States Medical Center for Federal Prisoners, Springfield, Missouri, upon the conventional ground of illegal imprisonment.

There are two grounds for the writ stated in the petition: First, it is contended that the petitioner was convicted without the benefit and aid of counsel, and that this was in violation of constitutional guaranties; and, second, that he was sentenced for a period of two years on each of two separate counts of an indictment to run consecutively, whereas each count covered and was for an identical offense; and that he has now served more than two years of said sentences. Petitioner asks for his enlargement therefore because he has been required to serve two cumulative sentences for the same offense.

Upon the petition a writ was ordered and the defendant has made his return. By such return with exhibits it appears that the defendant was indicted in the District Court of the United States for the Southern District of Ohio, Eastern Division. The indictment was filed November 12, 1937. Said indictment was in two counts, and each was based on Section 88, Title 18, of the United States Code, 18 U.S.C.A. § 88, relating to the general subject of conspiracies.

The first count of the indictment charged that the petitioner, with other defendants, *"on or about the first day of January, in the year nineteen hundred thirty-six, and thence continuously up to and including the date of the returning of this indictment, in the County of Franklin, State of Ohio, within the Eastern Division of the Southern Judicial District of Ohio, * * * did un-lawfully, knowingly, wilfully and felonious-*

ly conspire, combine, confederate and agree * * * to commit an offense against the United States of America, that is to say, to commit, to do and to perform acts and transactions made an offense and crime against the United States by and under the provisions of Title 26 of the United States Code * * * and said defendants did so aforesaid at the times and places aforesaid, so unlawfully conspire, combine, confederate and agree together, each with the other and with divers other persons whose names are to these Grand Jurors unknown, to unlawfully *remove, deposit and conceal, and be concerned in the removing, depositing and concealing, of goods* and commodities for and in respect whereof any tax is imposed, with intent to defraud the United States of the tax imposed thereon, in violation of Section 1441, of Title 26, United States Code [26 U.S.C.A.Int.Rev. Code, § 3321]."

Upon this conspiracy count there followed appropriate averments of ten different overt acts.

The second count names the same alleged conspirators and in every respect employs identical language in relation to the conspiracy, both as to time and place as well as other details. The only variance and departure from the language of the first count is found in the designated object of the conspiracy, as follows: "possess certain *distilled spirits, to-wit, large quantities of alcohol,* the immediate containers of which did not have affixed thereto any stamp or stamps denoting the quantity of distilled spirits contained therein and evidencing payment of all internal revenue taxes imposed on such spirits, in violation of Section 1152a, Title 26, United States Code [26 U.S.C.A.Int.Rev.Code, § 2803 (a)]."

After these averments appropriate allegations of overt acts are made. By comparing the language of the alleged overt acts in the second count of the indictment with those incorporated in the first count, such averments are found to be identical in number and language. Even the punctuations are the same. The only difference in the two counts of the indictment pertains to the particular sections of the statute violated.

1. If the petitioner had entered a plea of guilty to the first count or had been convicted otherwise upon the first count of the indictment, a plea of autrefois convict would have been good as to the second count. This is stated for the reason that the two conspiracies coincide in time and place, and the proof would have been identical.

In the case of Miller v. United States, 4 F.2d 228, loc. cit. 230, the Seventh Circuit Court of Appeals, in discussing an almost identical situation, said: "It is contended that the two counts are for the same offense, and that in any event the evidence does not warrant separate cumulative penalties under these counts. That there was a conspiracy between Miller and others to steal or aid in stealing and removing from the warehouse this large quantity of alcohol, there is, under the record no shadow of doubt. *Stealing the alcohol naturally involved the seizing of it where it was and transporting it elsewhere. While such acts might be prosecuted and punished separately, if under different statutes defining and penalizing the several acts, a single conspiracy, if covering the entire transaction, may not be split up into a plurality of offenses.* Murphy v. United States [7 Cir.], 285. F. 801."

A similar situation arose in Powe v. United States, 5 Cir., 11 F.2d 598, loc. cit. 599. In the latter case there was an overlapping of periods, whereas in this case the time of the alleged conspiracies from the beginning to the termination were identical. In the Powe case the court said: "The first count of the indictment in this case charges a conspiracy to commit a single offense, *which is included within the continuing conspiracy charged in the second count.* According to the testimony there was one general continuing conspiracy to commit *a number of offenses, and no separate conspiracy to commit a single offense. The government cannot split up one conspiracy and make several conspiracies out of it.*"

The Supreme Court of the United States, In re Snow, 120 U.S. 274, 7 S.Ct. 556, 30 L.Ed. 658, in reviewing an application for a writ of habeas corpus on appeal, held that the crime of illicitly cohabiting with more than one woman in the territory of Utah was a continuing offense and that a plea of autrefois convict after the first conviction was good as against other indictments covering different periods. In the trial court the pleas of autrefois convict were denied in other cases after the first trial. The Supreme Court held that it was one continuing offense, and in doing so upheld the

first conviction and reversed all subsequent convictions. The court said, 120 U.S. loc. cit. 286, 7 S.Ct. loc. cit. 562, 30 L.Ed. 658: "A distinction is laid down in adjudged cases and in text-writers between an offense continuous in its character, like the one at bar, and a case where the statute is aimed at an offense that can be committed uno ictu."

In the case of United States v. Anderson, 101 F.2d 325, loc. cit. 333, the Seventh Circuit Court of Appeals again had before it the question here considered. While the court said it was all right for the government to plead separate offenses in conspiracy counts, "as a precautionary matter, but we can not believe that Congress intended to permit the accumulation of sentences upon diverse objects of a conspiracy where there was but one conspiracy and the evidence supporting each was precisely the same."

The Fourth Circuit Court of Appeals, in Short et al. v. United States, 91 F.2d 614, 112 A.L.R. 969, in like manner had before it this question. After reviewing the authorities, the court said, 91 F.2d loc. cit. 624, 112 A.L.R. 969: "Blanket charges of 'continuing' conspiracy with named defendants and with 'other persons to the grand jurors unknown' fulfil a useful purpose in the prosecution of crime, but they must not be used in such a way as to contravene *constitutional guaranties.* If the government sees fit to send an indictment in this general form charging a continuing conspiracy for a period of time, it must do so with the understanding that upon conviction or acquittal further prosecution of that conspiracy *during the period charged is barred,* and that this result cannot be avoided by charging the conspiracy to have been formed in another district where overt acts in furtherance of it were committed, or by charging different overt acts as having been committed in furtherance of it, or by charging additional objects or the violation of additional statutes as within its purview, *if in fact the second indictment involves substantially the same conspiracy as the first.*"

Judge Otis of this court ably discussed the same subject in United States v. Brimsdon et al., D.C., 23 F.Supp. 510.

 2. The instant case is stronger in favor of the petitioner than any of the cases in the books. In the cited cases there were variations as to objects as well as to times, places and even as to persons. In the instant case the persons, times and places were the same. The record shows beyond doubt or even cavil that it was all one act and one conspiracy. Upon a plea of guilty to the two counts the court was without authority of law to impose two sentences upon the petitioner to run consecutively.

3. It is unnecessary to notice or discuss the question as to whether the petitioner was deprived of his right to the services of an attorney to represent him. However, he testified that his brotherinlaw had an attorney and that he was advised by such attorney to enter a plea of guilty.

Moreover, it could hardly be contended that where a defendant enters a plea of guilty to a charge in the federal court he can thereafter complain because the court did not appoint counsel for him. In the first place, there was nothing for an attorney to do in aid of an accused person who confessed his guilt, and, in the second place, the trial judge was not apprised of the desires of the petitioner to have counsel or that he stood in need of counsel. When the petitioner entered his plea of guilty he was satisfied to take the advice of the attorney who represented his brotherinlaw.

For the above reasons, the petitioner is illegally restrained of his liberty, and an order discharging him should be made.