STATE OF MISSOURI, Respondent, v. LAWRENCE YOUNG, Appellant, No. 41713—235 S. W. (2d) 369.

Division Two, December 11, 1950.

Motion for Rehearing or to Transfer to Banc Overruled, January 8, 1951.

530

*Eugene H. Buder* for appellant.

*J. E. Taylor,* Attorney General, and *Gordon P. Weir,* Assistant Attorney General, for respondent.

[369] WESTHUES, C.—On April 11, 1949, the defendant, Lawrence Young, filed a motion in the Circuit Court of St. Francois County, Missouri, asking that Nunc Pro Tunc entries be made to correct two judgments by deleting therefrom certain recitations which indicated that Young had been represented by an attorney. The judgments had been entered [370] on pleas of guilt entered by Young and Joe Montgomery to a charge of kidnapping, case No. 1630, and to a charge of first degree robbery, case No. 1628. The

trial court dismissed the motion on the ground of res judicata. The defendant appealed.

The judgments were rendered in the St. Francois County Circuit Court on February 4, 1941. Young and Montgomery were each sentenced separately to serve life imprisonment on each charge. It was alleged in the motion that each judgment contains the following:

"Now at this day comes the State, by her attorney, and also comes the defendant herein, in person, in custody and in presence of his Attorney and Counsel, in open Court; * * *."

The portion defendant wishes deleted is "and in presence of his Attorney and Counsel." As grounds for his motion, Young states that he was in fact not represented by counsel. It is also claimed that the Judge's Minutes do not show that any attorney for Young was present. The ultimate benefit Young desires to accomplish is to have the pleas of guilty set aside. See Young v. Parker, 355 Mo. 245, 195 S. W. (2d) 743, where it will be noticed that Young on two occasions has failed in having the pleas set aside. It will also be noticed that he failed because this court held the judgments were not subject to collateral attack in a habeas corpus proceeding.

The question now before us is whether the trial court was right in dismissing the motion on the ground of res judicata. The record shows that this is the third motion filed by Young for a nunc pro tunc order to delete the portion of the judgments pertaining to the presence of an attorney. The first motion in which Montgomery joined was filed on June 7, 1946. This motion was overruled on July 5, 1946. The order of the court was as follows:

"Now at this day it is considered, ordered and adjudged by the court that the defendants' motion to amend the record of St. Francois County Circuit Court, having heretofore and on the 12th day of June, 1946 been submitted to the Court, be and the same is hereby overruled."

The second motion was filed on May 9, 1947. There is a record entry dated January 9, 1948, as follows: "Now on this day depositions filed." The record does not show by whom they were filed nor the name of any witness nor on whose behalf.

The next entry is dated November 8, 1948. This entry recites that the motion filed on May 9, 1947, was dismissed for failure to prosecute. The third motion, the one now before us, was filed on April 11, 1949. This motion, as above-stated, was dismissed on May 24, 1949, "on grounds of res adjudicata." Montgomery did not join in this last motion.

The record in this case shows that in the motion filed by Young on June 7, 1946, the identical relief was prayed for as in the motion now before us. The record further shows, as mentioned above, that the motion of June 7, 1946, was submitted to the court on June 12,

1946, and was overruled on July 5, 1946. The record does not show any adverse ruling by the court except the ruling denying the motion. The record fails to show that any evidence was offered in support of or against the motion. A nunc pro tunc entry after the term of court has expired must be based on some matter of record such as some entry or memorandum showing what actually occurred. 24 C. J. S. 127, Sec. 1597; State v. Jeffors, 64 Mo. 376; State v. Turpin, 332 Mo. 1012, 61 S. W. (2d) 945, l. c. 947(4-7); State ex rel. Stewart v. Blair, 357 Mo. 287, 208 S. W. (2d) 268, l. c. 275, 276(5-10).

The trial court had before it the entire record in the two cases wherein the nunc pro tunc entries were asked to be made. The court in denying the motion of June 7, 1946, decided the question and Young if he was dissatisfied could have appealed from that ruling. He did not do so. Young says in his brief that the trial court erred in denying the motion now before us on the res judicata theory because res judicata is an affirmative defense and must be pleaded. No such plea was filed.

The granting of a request for a nunc pro tunc entry is within the sound [371] discretion of the trial court. 24 C. J. S. 127, Sec. 1597. The trial court in this case was authorized to deny the present motion on the theory that he had ruled the question on a former motion. The granting of the motion being discretionary, it was not necessary that a plea of res judicata be interposed to support the court's action.

In the brief filed by Young it is asserted that res judicata arises only from a trial on the merits and he cites Heagerty v. Hawkins, 173 S. W. (2d) 923; State ex rel. National Lead Co. v. Smith, 134 S. W. (2d) 1061; Motley v. Dugan, 191 S. W. (2d) 979; Tutt v. Price, 7 Mo. App. 194. We have examined these cases and find they are authority against Young's contention. It is clearly held in the Heagerty case that to constitute a final determination on the merits it is not necessary that oral or other evidence be introduced. Note what the court said, 173 S. W. (2d) l. c. 927: "These cases do not sustain plaintiff's position, for in each of them there had been a final judgment on the merits in a former action. In each case a petition in a former action pleaded well the facts upon which the plaintiff relied to constitute his cause of action. The facts so pleaded by the petition in the former action were substantially the same as those pleaded in the subsequent action. But, in each case, upon the trial courts sustaining a general demurrer to the petition in the former action, the plaintiff refused to further plead. The consequent rendition of judgment in the former action was held to be (res judicata) final and on the merits." So, it is in this case the trial court had before it, when it considered the motion of June 7, 1946, all of the records pertaining to the two cases wherein

the nunc pro tunc entries were sought. That motion sought the same relief as the present motion. A ruling on the motion of June 7, 1946, was a ruling on the merits. The granting of such a motion being discretionary, the trial court was justified in dismissing a subsequent motion on the ground that the court had previously ruled on the motion.

Young says that his constitutional rights have been denied because he did not have counsel and, therefore, the court should hear evidence dehors the record on the motion and grant the relief to the end that he, Young, may have his pleas of guilty set aside. Higgins v. Parker, 354 Mo. 888, 191 S. W. (2d) 668, 1. c. 670(1, 2). It does not follow as a matter of course that Young was deprived of his constitutional rights merely because he was not represented by counsel in the criminal cases. Such a right may be waived by defendant voluntarily entering a plea of guilty. 23 C. J. S. 314, Sec. 979; Ex Parte Rose, 33 F. Supp. 941, 1. c. 943(3); Franzeen v. Johnston, 111 F. (2d) 817, 1. c. 819, 820(4-6); Johnson v. Zerbst, 304 U. S. 458, 1. c. 468.

If the nunc pro tunc orders were made, deleting the recitations that Young was represented by counsel, that would not of itself justify a court's setting aside Young's pleas of guilty. The burden would still be on Young to show that he had been deprived of his constitutional rights. The motion of June 7, 1946, was heard in the same court in which Young entered his pleas of guilty. Young had his day in court at that time, that is, June 7, 1946, duly represented by counsel, and no appeal was taken from the order overruling the motion.

We must and do hereby affirm the order and judgment of the trial court. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.