James L. **CHILDERS**, Appellant,

v.

**STATE** of Missouri, Respondent.

No. 53655.

Supreme Court of Missouri,
Division No. 2.

Feb. 10, 1969.

Roberts & Roberts, by Raymond R. Roberts, Farmington, for appellant.

Norman H. Anderson, Atty. Gen., O. Hampton Stevens, Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

James L. Childers entered a plea of guilty to assault with intent to kill and was sentenced by the court to imprisonment for thirty years. He has now appealed from the denial, after hearing, of his motion filed pursuant to Supreme Court, Rule 27.-25, V.A.M.R., to withdraw his plea of guilty after sentence.

The circumstances giving rise to the charge against defendant, briefly stated, were as follows: Defendant tied the hands of Myron Powell, supposedly his friend, and then, according to defendant, without reason and without knowing why, he shot Powell four or five times with a .22 caliber pistol from a distance of two or three feet.

At the hearing on the motion to vacate defendant was represented by appointed counsel experienced in trial work. Defendant testified that he was arrested in Emporia, Kansas, on May 17, 1967, and returned to Fredericktown, Missouri, and confined in jail. He requested to see Dianne Yount whom he described as his girl friend. She was sixteen years of age at the time of the hearing on the motion but she did not testify. Subsequently, and before he entered his plea of guilty he conferred, apparently on at least two occasions, with Miss Yount and her grandmother, and also with his mother who lived in either California or Colorado and had come to Missouri. Defendant testified that about a week before he entered a plea of guilty he asked the sheriff to see a lawyer. He did not testify that the request was refused, but a fellow prisoner testified that the sheriff suggested to defendant that he wait until his mother arrived. Defendant did not request the trial court to appoint a lawyer for him, but the trial court did appoint a well known and experienced lawyer for him who conferred with defendant, with Miss Yount and his mother present, prior to the time defendant entered his plea of guilty.

Defendant's confession in the form of questions and answers was admitted in evidence at the hearing on the motion to vacate. It had been prepared when he was questioned by the prosecuting attorney immediately following his preliminary hearing. In addition to the prosecuting attorney there were present the sheriff, two highway patrolmen, and a local business man who had been asked by the prosecuting attorney to be present. The statement of defendant in the form of questions and answers shows that the prosecuting attorney first read the complaint to defendant, explained to him that the offense was a felony and told him the permissible range of punishment, and advised defendant of the identity of those present. The prosecuting attorney then advised defendant that he had the "absolute right" to remain silent and that he did not have to answer any questions; that anything he said could be used against him in a court; that he had a right to talk to a lawyer and have a lawyer present when he was questioned; and that if he could not afford a lawyer the court would appoint a lawyer for him. Defendant replied that he understood the rights which had been explained to him,

that he wanted to talk and give a statement, and that no one had previously questioned him. He then related the circumstances under which he had shot Myron Powell. At the hearing on the motion, defendant testified that the answers given by him in the statement were correct, which in addition to those above referred to included statements by him that he had not been threatened or given any promise in order to obtain his confession. Defendant's lawyer at the time he entered his plea of guilty did not testify at the hearing on the motion, but it was stipulated that he was not present because of a "serious back injury."

Defendant presents two points in his brief to this court. The first is that he "was not granted an opportunity to be advised by counsel" and the second is that "under the total facts of the case, [his] rights to a fair trial have been violated."

■ The purpose of the motion in this case is to set aside a judgment of conviction and to withdraw a plea of guilty after sentence, and defendant is entitled to that relief only on the ground that it is necessary "to correct manifest injustice." Supreme Court Rule 27.25, V.A.M.R. In his brief defendant does not challenge his confession; either its truthfulness or the circumstances in which it was taken. The record affirmatively shows that prior to entering his plea of guilty he conferred with friends, his mother, and with an experienced attorney, and that his attorney knew of his confession. When asked if there was "any reason" why he was afraid to stand trial, he replied, "I don't know, just the way the lawyer talked to me that if I took the jury trial I possibly would get more than I already got." Under the admitted circumstances of the commission of the offense, this certainly was not incorrect advice. We find no merit to the contention that he was not granted an opportunity to be advised by counsel before entering his plea. The record affirmatively shows that counsel was provided to defendant who did advise with him and his moth-

er, and there was no contention then, and there is none now, that additional time was requested or desired.

In support of defendant's second point that "under the total facts of the case" his right to a "fair trial" was violated, it is argued that he had quit high school during his second year because of poor grades, that he had lived in the county only four or five months and had no family there, and that his mother lived in California. He also contends that if he had been advised earlier than he was by "someone with his concern in mind" it is "quite possible" that he might have taken a different action. It is not stated what such action would have been. He did advise with his mother, his girl friend, his girl friend's grandmother, and his counsel before entering his plea of guilty, and there is no suggestion that the action taken by him was against their advice, or that the plea was not voluntarily and understandingly entered.

■■ The defendant had the burden to prove by a preponderance of the evidence the facts alleged by him which demonstrate manifest injustice resulted from the acceptance of his plea of guilty. State v. Mountjoy, Mo., 420 S.W.2d 316, 323. After a full hearing at which the trial court had the opportunity to observe the witnesses, it determined the issues adversely to defendant's contention, and upon a careful and full review of all the evidence we cannot rule that the findings, conclusions and judgment of the trial court are clearly erroneous. Supreme Court Rule 27.26(j).

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.