**UNITED STATES of America**

v.

**Calvin MONROE, Appellant.**

**No. 23259.**

United States Court of Appeals,
District of Columbia Circuit.

Nov. 27, 1970.

Mr. William Chapman Turner, Washington, D. C. (appointed by this court), was on the brief for appellant.

Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry and Kenneth Michael Robinson, Asst. U. S. Attys., were on the brief for appellee.

Before McGOWAN and LEVENTHAL, Circuit Judges, and JOHNSON*, Chief Judge, United States District Court for the Middle District of Alabama, in Chambers.

PER CURIAM:

Appellant was convicted by a jury of assault with intent to commit rape (22 D.C.Code § 501). On appeal, he raises two questions which relate to testimony heard by the jury of an incriminating statement made by appellant.

At approximately 11:00 P.M. on November 17, 1968, a passerby summoned two police officers to an alley where they found appellant sexually assaulting the complainant. Appellant was arrested, properly apprised of his constitutional rights by the police officers and indicted on one count of rape (22 D.C. Code § 2801). At trial, the Government's evidence showed that appellant

* Sitting by designation pursuant to 28 U.S.C. § 292(c) (1964).

approached the complainant, a forty year old mother of five children, at a bar and attempted to induce her to commit prostitution. Being rebuffed, he followed her as she left the bar and attacked her in an alley. The witness who sought the aid of the arresting police officers testified that she had seen appellant and the complainant struggling in the alley. Furthermore, the police officers testified that the complainant suffered cuts and bruises as a result of the scuffle and that her clothes were badly torn. Appellant claimed that the complainant had solicited him at the bar, and that, once he had accepted the offer, she insisted that they go to the alley for reasons of economy. This defense was developed first during appellant's cross-examination of one of the arresting police officers:

Q. Now, sir during this conversation with [complainant] in the alley, did she tell you that she had first seen Mr. Monroe in a bar?

A. Yes, ma'am, she did.

Q. And had Mr. Monroe already told you that?

A. No ma'am, not at that time, no, ma'am. My conversation regarding the bar I think was later at the 9th Precinct. I don't recall having a conversation with him on the scene.

Q. Did both he and [complainant] agree on at least two points, that is, that they did meet in a bar and that there was a conversation regarding ten dollars?

A. Yes, ma'am.

Apparently appellant's counsel hoped to strengthen appellant's defense by showing that the discussion had focused on a specific sum of money—a factor tending to support his claim that an agreement was reached. After this response was elicited, appellant's counsel quickly changed the line of questioning.

Appellant later took the stand and on cross-examination was asked to elaborate on his conversation with the police officer at the Ninth Precinct. Appellant's counsel objected to this question. The trial judge overruled the objection because appellant had "opened the door" to the subject of this confession, and the Government was entitled to have the jury hear the complete statement made. In response to the question, appellant stated that the only facts which he had related to the police officer were that he had been solicited by the complainant at the bar, that he had accepted her offer, and that he had given her money.[1] The Government then recalled the police officer to the stand. Realizing that the officer would impeach appellant, appellant's counsel immediately objected to any further introduction of the confession. The basis of the objection was that the confession was the product of unnecessary delay on the part of the police.[2] See Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957). The trial judge overruled this objection and the officer recounted his conversation with appellant in the following manner: "[Appellant] stated that he did not have the money [to hire her] but that he followed her down the street and he was going to get it anyway, took it anyway."

Appellant now raises two issues on appeal. His first contention is that, in permitting the Government to introduce the full confession of appel-

---

1. Appellant testified that he had twenty-three dollars in his pocket when he was approached by the complainant, and that he paid the complainant ten dollars, leaving him with thirteen dollars when he was taken to the Ninth Precinct. However, the Government introduced the police "property book" in order to demonstrate that the appellant had no money when he was brought to the police station.

2. The testimony at trial demonstrated only that appellant made his confession on the second floor of the Ninth Precinct about forty-five minutes after he was discovered by the police.

lant, the trial judge misapplied the doctrine of curative admissibility, *i.e.*, allowing one party to introduce evidence which might otherwise be excluded in order to counter the unfair prejudicial use of the same evidence by the opposing party. *See* Crawford v. United States, 91 U.S.App.D.C. 234, 198 F.2d 976 (1952). However, appellant has not properly demonstrated that his confession could have normally been excluded. At trial, the only specific objection made to the admissibility of the confession was that it was the product of unnecessary delay.[3] *See* Mallory v.. United States, *supra*. Yet this contention has been dropped on appeal. In addition, the evidentiary arguments advanced on appeal concerning the inadmissibility of the confession are untimely since they were not raised at trial.

■ Appellant's second contention is that his counsel at trial did not have enough information about the events surrounding the confession to make a telling objection to its introduction.[4] It is therefore argued that the trial judge should have held a hearing, *sua sponte*, to determine whether the confession was voluntary. However, in the absence of any specific objection or any request that a determination of voluntariness be made, the trial judge is not required to order a hearing *sua sponte*. *See* Woody v. United States, 126 U.S.App.D.C. 353, 379 F.2d 130 (1967). While it is true that appellant made an objection on the basis of *Mallory* that objection has not been raised on appeal. The fact that appellant's counsel lacked the requisite information to make any other specific objections to the introduction of the confession, did not preclude her from simply requesting the trial judge to conduct a hearing on voluntariness.

Affirmed.

3. Had appellant been able to demonstrate that the confession was the product of unnecessary delay or of any constitutional violation, the *doctrine of curative admissibility* could not have been employed to allow the introduction of the confession. *See* Proctor v. United States, 131 U.S. App.D.C. 241, 404 F.2d 819 (1968).

4. This contention implicitly suggests that appellant's counsel could derive no basis for alleging constitutional error through her *discussions* with appellant about the matter.