James L. **CHILDERS**, Movant-Appellant,

v.

**STATE** of **Missouri**, Respondent.

No. 57222.

Supreme Court of Missouri, Division No. 2.

Dec. 10, 1973.

E. L. McClintock, Jr., Flat River, for movant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

HOUSER, Commissioner.

On June 1, 1967 James L. Childers pleaded guilty to a charge of assault with intent to kill and was sentenced to 30 years' imprisonment.

On July 17, 1967 Childers filed a motion under Rule 27.26, V.A.M.R. to vacate the judgment and sentence (1) for not having been afforded an opportunity to be advised by counsel and (2) because his "rights to a fair trial have been violated." A judgment denying the motion was affirmed on appeal. Childers v. State, 436 S.W.2d 674 (Mo.1969).

On May 26, 1971 Childers filed a second motion under Rule 27.26 to vacate the judgment and sentence, on the ground that he is being denied due process of law; that he is being held in custody under an expired term of imprisonment; that he was sentenced to 30 years' imprisonment for assault with intent to kill, without any reference to malice; that the maximum sentence under § 559.190, RSMo 1969, V.

A.M.S. for assault with intent to kill without malice is 5 years; that he is entitled to immediate discharge.

On July 20, 1971 the prosecuting attorney filed a motion in the circuit court for a nunc pro tunc order to correct the sentence and judgment of June 1, 1967 to show that Childers was convicted of assault with intent to kill with malice aforethought pursuant to RSMo 1969, V.A.M.S., § 559.180. Attached to the motion was a certified copy of the bill of costs in State of Missouri v. James L. Childers, alleged to have been signed by the circuit judge, prosecuting attorney and circuit clerk, showing that Childers pleaded guilty to a charge of assault with intent to kill under § 559.180. On this basis the nunc pro tunc motion was sustained by the circuit court and the judgment corrected to read as follows: "The Defendant, James L. Childers, plead [sic] guilty to Assault with Intent to Kill with Malice Aforethought, pursuant to Missouri Revised Statute 559.180 and was sentenced to the Missouri Penitentiary for a period of thirty (30) years."

On August 5, 1971 the circuit court dismissed the motion to vacate filed May 26, 1971, without a hearing. Childers appealed. The notice of appeal having been filed prior to January 1, 1972 we have jurisdiction. Childers raises two points on appeal.

First, he asserts error in sustaining the motion for a nunc pro tunc order because (a) the circuit court lost jurisdiction to amend or modify the original sentence by virtue of having previously entered a final judgment; (b) a cost bill is an insufficient basis upon which to make a nunc pro tunc order.

Appellant advances no valid reason why the circuit court lost jurisdiction to make a nunc pro tunc entry. Appellant's suggestion that the court had entered a final judgment is no reason. Most commonly nunc pro tunc entries relate to final judgments. The fact that the term of court at which the original entry was made

expires, State v. Young, 361 Mo. 529, 235 S.W.2d 369 (1950), or that an appeal has been allowed, State v. Vinson, 337 Mo. 1023, 87 S.W.2d 637 (1935), or that the case is pending in the Supreme Court, State v. Gordon, 196 Mo. 185, 95 S.W. 420 (1906), does not affect the authority of the court to make such an order, as long as it is "based on some matter of record such as some entry or memorandum showing what actually occurred." State v. Young, supra, 235 S.W.2d 1. c. 370 [1]; 24 C.J.S. Criminal Law § 1597. Appellant quotes from Ex parte Thornberry, 300 Mo. 661, 254 S. W. 1087 (banc 1923), but that case is so different on the facts that it is of no utility in deciding the question before us. The circuit court in 1971 had not lost jurisdiction to make an entry nunc pro tunc relating to its 1967 judgment.

 The recitals in the cost bill constitute sufficient evidence of the fact from the files and records of the court to support the amendment nunc pro tunc. A certified cost bill is a "paper in the cause" within the requirement that the record "in some way show, either from the judge's minutes, the clerk's entries, or some paper in the cause, the facts authorizing such entries." [Quotation from Doerschuk v. Locke, 330 Mo. 819, 51 S.W.2d 62, 64 (1932), quoted with approval in State v. Pedockie, 391 S.W.2d 255, 257 (Mo.1965).]

Lastly, Childers asserts that in dismissing his motion to vacate without a hearing the court acted in an arbitrary and unreasonable manner, depriving him of due process of law; that the motion raises substantial questions of law requiring a hearing. Appellant fails to point out in what way the court acted arbitrarily or unreasonably, or what substantial questions of law require a hearing. A hearing would not be useful or productive because all of the facts which could be adduced at a hearing on the question posed are already before the court through the files and records in the case. A hearing is required "[u]nless the motion and the files and

records of the case conclusively show that the prisoner is entitled to no relief, * * *." Rule 27.26(e), V.A.M.R. The files and records in this case conclusively show as a matter of law that Childers is not entitled to relief and therefore the court did not err in failing to hold an evidentiary hearing. Caffey v. State, 467 S. W.2d 857, 859 [1] (Mo.1971). In State v. Testerman, 408 S.W.2d 90 (Mo.1966), cited by appellant, the true state of the record was not shown; there was no nunc pro tunc entry amending and correcting the record, and therefore that case is of no help to appellant.

Judgment affirmed.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.