**STATE of Missouri, Respondent,**

v.

**Charles ARRINGTON, Appellant.**

**No. 49965.**

Supreme Court of Missouri,
Division One.

July 14, 1975.

Motion for Rehearing or for Transfer to
Court En Banc Denied Sept. 8, 1975.

John C. Danforth, Atty. Gen., Clarence
Thomas, Asst. Atty. Gen., Jefferson City,
for respondent.

James C. Jones, Asst. Public Defender,
22nd Judicial Circuit, David G. Dempsey,
St. Louis, for appellant.

HOLMAN, Presiding Judge.

Defendant, Charles Arrington, was found
guilty of the offense of forcible rape and
his punishment was fixed by the jury at
imprisonment for a term of forty years.
See Section 559.260, RSMo 1969, V.A.M.S.
He appealed and the conviction was af-
firmed by this court. *State v. Arrington,*
375 S.W.2d 186 (Mo.1964). However, on
November 12, 1974, at the request of de-
fendant, we set aside the affirmance be-
cause defendant, an indigent, did not have
counsel on appeal. The case has been
briefed and argued and we now consider it
anew. We again affirm.

We adopt the statement of facts in the
prior opinion as follows:

"On the night of May 5, 1962, a medical
student escorted a young lady to a party
given in honor of one of the nurses from
the school. At the conclusion of the party,
about midnight, they drove to the young
lady's home in south St. Louis, where she
changed from her formal attire and she
intended to then drive her escort (the car
was hers) to Barnes Hospital. They trav-
eled north on Jefferson and stopped at
Chouteau because of a red traffic signal. A
man approached the driver's side with a
gun (the student was driving), forced his
way into the car, drove it left on Chouteau,
west one block, then, by two left turns, into
an alley. As the car entered the alley an-
other man, the defendant, ran toward the
car. Thereafter, the defendant and his
companion searched the student and the
young lady and took what money and valu-
ables they found. The defendant and his
companion then each forcibly ravished the
young lady while the other forced her es-
cort at gunpoint to lie facedown on the
front seat. Both the student and the young
lady positively identified defendant two
days later at a police station and again at
the trial. The state's evidence showed that
defendant orally and in writing admitted
his guilt." 375 S.W.2d 188.

The sole contention on this appeal is that
the court erred in admitting in evidence the

alleged oral and written confessions of defendant. (We will hereafter refer in the singular to the written statement.) It should be stated that at the request of defendant's counsel a voir dire hearing was held on the question of voluntariness and that no objection was made at the trial to the admission of the statement and it was not referred to in the motion for new trial. Since, on the prior appeal, we reviewed the assignments in the motion for new trial this contention was not presented for consideration at that time.

At the outset we will assume (but do not decide) that the question of the admissibility of a confession, under certain circumstances, may be raised on appeal even though not objected to at trial.

The first reason asserted by defendant for nonadmissibility is that his arrest was illegal and the confession was a product thereof. He relies primarily on the "fruit of the poisonous tree" doctrine discussed in *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). However, even if we assume that the instant arrest was illegal it does not follow that the confession was inadmissible. *State v. Owens,* 486 S.W.2d 462 (Mo.1972). In *State v. Fair,* 467 S.W.2d 938, 943 (Mo.1971) the court stated that: ". . . in Missouri we do not exclude a confession merely because it followed an illegal arrest but retain the test of voluntariness under the totality of the circumstances as controlling in determining the admissibility of a confession which has been preceded by an illegal arrest. In the hearing on the motion to suppress where one of the grounds alleged is illegal arrest, the court should receive evidence pertaining to the validity of the arrest and consider it along with the other evidence in arriving at its decision of voluntariness of the confession."

Defendant also says that: "The trial court erred in permitting the jury to consider defendant's alleged confessions without having made a determination that the confessions were voluntary." It is understandable that no finding of voluntariness was made because there was no objection to the confession and this trial occurred prior to the decision in *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). We have concluded, however, that defendant is in no position to raise this contention because, at the trial, his counsel deliberately waived or by-passed his opportunity to present the claim that the confession was involuntary. See *Henry v. Mississippi,* 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1964). We base this ruling on the following occurrences shown in the transcript. After the written confession had been identified by a state's witness defendant's counsel during cross-examination sought to use it in the following manner:

"By Mr. Marshall:

"Q I want you to read the entire statement, sir.

"MR. CAHILL: Just a minute. I am not going to introduce the statement at this time by having the officer read it. I think this is improper, to have the officer read it. . . .

"MR. CAHILL: Well, I object to the entire statement being read by the witness from the witness stand.

"THE COURT: All right. I will sustain that objection, . . .

"MR. MARSHALL: Since this has been marked as an exhibit as the statement of Charles Arrington, I would like to pass this to the jury and ask them to read it.

"THE COURT: How can you do that?

"MR. MARSHALL: Well, Your Honor, I think it is the statement of Charles Arrington. . . .

"THE COURT: Just a minute; it hasn't been offered in evidence.

"MR. MARSHALL: Well, I will offer it.

"THE COURT: This is not your case, Mr. Marshall; you know we are in the State's Case, now, and you can't offer anything in evidence until you are in your case, you see.

"MR. MARSHALL: All right.

"Q (By Mr. Marshall) Is this statement the question-and-answer statement that Charles Arrington gave?

"A Yes, it is.

"Q I am going to ask you if this question was asked him and if this answer was given:

" 'Q Did a car finally come up?

" 'A Yes, sir.

" 'Q What did the car look like?

" 'A It was a long kind, just long car.'

"MR. CAHILL: I object, Your Honor, to the reading of excerpts from this statement and asking him specifically about excerpts from the statement.

"MR. MARSHALL: Judge, they should read the whole thing or let me read excerpts. Which do you want to do? . . .

"MR. MARSHALL: Your Honor, this officer has testified that the statement was taken in his presence; that it was read to the defendant; that the defendant signed it. Now, I would like either to question him as to specific questions, or put the entire statement before the jury by either reading it myself, having Mr. Cahill read it, or having the officer read it. . . ."

Somewhat later in the trial the statement was offered in evidence by the State and read to the jury by Mr. Cahill. During his argument to the jury defendant's counsel stated: "You can take that statement down to the jury room, if you want to, and read it." He was reprimanded by the court for making that statement concerning a matter that is discretionary with the court. After the jury retired he made a record complaining that ". . . the Court did not mention to the jury that they had the right to request any exhibits that they might desire. I will respectfully request the Court to so instruct the jury so that they may know that any exhibits that were marked and introduced can be examined by them in their deliberations in this case.

"THE COURT: Overrule the motion."

It seems rather obvious from the foregoing that counsel for defendant was desirous of getting the statement and its contents before the jury. We can reasonably assume that such was for the purpose of obtaining a strategic trial advantage.

While it would have no direct effect upon the decision in this case we deem it appropriate to mention that defendant has heretofore filed a Rule 27.26, V.A.M.R. motion to vacate in which he complained of the admission of the confession in violation of his constitutional rights. A hearing was held on the motion and in overruling the motion on May 19, 1971, the trial court made a finding "that the defendant's constitutional rights were not violated by the admission of the confession." No appeal was perfected from that judgment.

For the reasons stated the judgment should be affirmed. It is so ordered.

SEILER and BARDGETT, JJ., concur.

DONNELLY, J., not a member of division when cause was submitted.