**STATE of Missouri, Respondent,**

v.

**Lucious BLANCHARD, Appellant.**

**No. 36266.**

Missouri Court of Appeals,
St. Louis District,
Division Four.

Aug. 19, 1975.

Hayes & Heisler, Daniel B. Hayes, Clayton, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Chief Counsel, Crim. Div., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for respondent.

NORWIN D. HOUSER, Special Judge.

Lucious Blanchard, convicted of burglary, second degree, § 560.045, RSMo 1969, following a jury trial, and committed to the department of corrections for 10 years under the Second Offender Act, has appealed on the sole ground that the court erred in failing to conduct an evidentiary hearing on the issue of the voluntariness of his confession and in not instructing the jury on voluntariness.

The record shows that no objection was made to the admission of the confession in evidence and no request was made for an independent evidentiary hearing on the issue of voluntariness. In the absence of such an objection or request the trial court is not required to conduct an evidentiary hearing *sua sponte*. *State v. Jackson,* 448 S.W.2d 895 (Mo.1970); *State v. Day,* 515 S.W.2d 584 (Mo.App.1974); *State v. Arrington,* 529 S.W.2d 368 (Mo.1975); *United States v. Taylor,* 374 F.2d 753, 756 (7th Cir. 1967); *Evans v. United States,* 377 F.2d 535, 537 (5th Cir. 1967); *Lundberg v. Buchkoe,* 389 F.2d 154, 157 (6th Cir. 1968); *Garrison v. Patterson,* 405 F.2d 696, 697 (10th Cir. 1969), cert. den., 404 U.S. 880, 92 S.Ct. 212, 30 L.Ed.2d 160; *United States v. Carter,* 431 F.2d 1093, 1097 (8th Cir. 1970); *Jacobson v. People of State of California,* 431 F.2d 1017, 1019 (9th Cir. 1970); *United States v. Monroe,* 141 U.S.App.D.C. 251, 437 F.2d 684, 686 (1970); *Gerberding v. United States,* 471 F.2d 55, 61 (8th Cir. 1973). Furthermore, by failing to make proper objection to the admission of his confession, defendant has not preserved for review the court's failure to conduct an evidentiary hearing. *State v. Price,* 422 S.W.2d 286 (Mo.1967).

Nor did the court err in not instructing on the voluntariness of the confession. This is a collateral issue, not required to be instructed upon as a part of

the law of the case. *State v. Pughe,* 403 S.W.2d 635, 641 (Mo.1966); *State v. Truster,* 334 S.W.2d 104, 111 (Mo.1960); *State v. Francies,* 295 S.W.2d 8, 15 (Mo.1956); *State v. Ramsey,* 355 Mo. 720, 197 S.W.2d 949, 957 (banc 1946). This instruction must be given if requested, par. 1., Notes on Use, MAI–CR 3.44, but in the absence of a request or submission by defendant the court is not required to give such an instruction *sua sponte. State v. Pughe,* supra; *State v. Truster,* supra. The record does not show that defendant requested such an instruction or that he submitted an instruction on the subject. Furthermore, the point was not raised in the motion for new trial. No manifest injustice resulted from failure to so instruct, and therefore this case does not fall within the "plain error" exception to the rule that the point is not properly preserved for appellate review.

·Judgment affirmed.

SMITH, C. J., and ALDEN A. STOCKARD, Special Judge, concur.