STATE of Missouri, Respondent-Plaintiff,

v.

Wilbert ASHTON, Appellant-Defendant.

No. 37914.

Missouri Court of Appeals,
St. Louis District,
Division One.

July 19, 1977.

Dolgin, Juncker, Beilenson, Joseph J. Dolgin, Clayton, for appellant.

Luke, Cunliff, Herr, Chavaux, Hilgendorf, McCluggage & DeYong, Robert W. Herr, St. Louis, for respondent.

Raymond I. Harris, Jess W. Ullom, Clayton, for appellant-defendant.

John D. Ashcroft, Paul Robert Otto, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., John F. White, Asst. Circuit Atty., St. Louis, for respondent-plaintiff.

SMITH, Judge.

Defendant appeals from his conviction of manslaughter and seven year sentence following a jury verdict. We affirm.

At approximately 3:30 p. m. on July 9, 1974, nineteen year old Elizabeth Springmeyer was shot to death by a sniper while purchasing produce from a produce truck at Riverview and Lillian in the City of St. Louis. Defendant lived in a house approximately 150 feet from the location of the truck. Two young men, friends of defendant, testified that defendant fired the fatal shot. A .22 rifle found hidden in the ceiling of defendant's basement was determined ballistically to be the murder weapon. Following his arrest and while being taken to Juvenile Court, defendant spontaneously stated he had not killed the girl, but knew where the gun was located. Defendant does not challenge the sufficiency of the evidence.

Defendant's first attack is upon the action of the trial court in refusing to allow defendant's counsel to argue that an inference of unfavorable testimony could be drawn from the State's failure to produce two witnesses. The witnesses were friends of defendant, present in the basement from which the shot was fired at the time of the shooting. The State had been unable to locate one witness before trial and the lawyer for the second had advised the prosecutor that his client would invoke the Fifth Amendment if called. We find no error in the court's action. One witness was not available, the other would not testify, and neither, in view of their friendship with defendant, might reasonably be expected to give testimony favorable to the State. See *State v. Wallach*, 389 S.W.2d 7 (Mo.1965) [4–6].

Defendant's other point on appeal is that the court committed plain error in allowing testimony concerning defendant's statement that he had not killed the girl but knew where the gun was. This evidence was not objected to, no motion for a hearing on voluntariness was made, and the matter was not raised in the motion for new trial. In the absence of an objection or a request for hearing, the court is not required to conduct an evidentiary hearing *sua sponte*. *State v. Blanchard*, 527 S.W.2d 37 (Mo.App.1975) [1, 2]. Because of the failure to raise the matter below, the record before us does not warrant a conclusion that the statement was improperly admitted. The evidence by the officers involved was that they were transporting defendant to the juvenile center as required by law (defendant was 16 years 11 months old at the time of the offense)[1] when he spontaneously and without questioning or urging made the statement. While defendant contends he was not accorded his *Miranda* warnings, the record does not indicate whether he was or was not, again because of the failure to object. If the statement was spontaneous, the absence of *Miranda* warnings would make no difference. We find no error, much less plain error.

Judgment affirmed.

CLEMENS, P. J., and DOWD, J., concur.

1. Defendant was certified for trial as an adult by the Juvenile Court.