**STATE of Missouri, Respondent,**

v.

**Bobby Ray JOINER, Appellant.**

No. 38806.

Missouri Court of Appeals,
St. Louis District,
Division One.

Feb. 7, 1978.

Motion for Rehearing and/or Transfer
Denied March 10, 1978.

Application to Transfer Denied April
10, 1978.

Cable, Seabaugh & Williams, Charles Sampson Williams, Jr., Kennett, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Chief Counsel-Jefferson City, Charles Baker, Pros. Atty., Kennett, for respondent.

CLEMENS, Presiding Judge.

Defendant Bobby Ray Joiner was convicted of first degree murder and sentenced to life imprisonment. Defendant's only points on appeal challenge the trial court's rulings admitting into evidence his oral and tape-recorded statements. This challenged evidence came in over defense objections that the statements followed an illegal arrest, and also were coerced by threats of violence and denial of counsel. These in turn.

■ Defendant's first challenge points to the admission of his incriminating statements on the ground he was illegally arrested in Florida. The state concedes the prosecuting attorney's complaint, on which the arrest warrant was issued, did not state sufficient facts to warrant the issuing magistrate in finding probable cause existed. We assume therefore that defendant's arrest was illegal, but hold this in itself does not vitiate his subsequent confessions.

This issue was decided in *State v. Arrington*, 529 S.W.2d 368[1] (Mo.1975): " . . . we do not exclude a confession merely because it followed an illegal arrest but retain the test of voluntariness . . .." For a full discussion of the principle see *State v. Johnson*, 530 S.W.2d 690, l.c. 692 (Mo.1975). We therefore consider other evidence of voluntariness.

■ The trial court was faced with two irreconcilable versions of defendant giving the oral and taped confessions upon his return from Florida.

According to defendant: After the return flight from Florida his ears were popping and he had a headache; he requested an attorney but was told none was available. A deputy sheriff told him if he did not give a statement he would be put in a cell with "St. Louis blacks." This was done and

when there defendant had a fight with one of the black prisoners. Later, defendant was asked to give an oral statement and said he did so only because he feared he would be put back in the same cell. Instead, defendant was then put in a cell with his brother. The next day defendant gave the incriminating tape-recorded statement after again asking for an attorney and again being threatened with return to a cell with black prisoners.

The state's evidence concerning the confessions contrasted with defendant's: He was placed in a cell with two black prisoners, but not at the direction of the two interrogating officers. They made neither threats nor promises and gave defendant "*Miranda* warnings," and defendant then made the oral confession. Defendant was put in another cell overnight with his brother, a co-defendant. Defendant did not ask to consult with a lawyer. Defendant asked the next day to talk to his parents by phone and this was permitted. Defendant asked to talk with his brother in private and this request was granted. After the two had talked privately for some ten minutes they came out and defendant agreed to make the taped statement.

We have measured defendant's challenge to the admission of his incriminating statements in the light of the land mark opinion of Judge Houser in *State v. Hunter*, 456 S.W.2d 314[3–5] (Mo.1970) where the admissibility of incriminating statements is analyzed. In accordance therewith we conclude the trial court did not err in ruling defendant's statements were voluntary and therefore admissible.

Judgment affirmed.

SMITH and McMILLIAN, JJ., concur.