**STATE of Missouri, Respondent,**

v.

**Danny Ray CHOATE, Appellant.**

**No. 41139.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 11, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 15, 1979.

Application to Transfer Denied
Nov. 14, 1979.

Gary L. Robbins, Public Defender, Jackson, for appellant.

John D. Ashcroft, Atty. Gen., Paul R. Otto, Steven D. Steinhilber, Asst. Attys. Gen., Jefferson City, Bradshaw Smith, Pros. Atty., Cape Girardeau, for respondent.

DOWD, Presiding Judge.

Danny Ray Choate pleaded guilty on June 3rd, 1974, to Second Degree Burglary and Stealing, pursuant to a plea bargaining agreement with the prosecutor. Upon accepting the plea, however, the court rejected the prosecutor's recommended sentence of four years with suspended execution of sentence and credit for time served. Rather, the judge suspended imposition of sentence and placed the appellant on four years probation.

Approximately one year after the sentencing hearing, the appellant was convicted and sentenced on two charges unrelated to the original burglary charge. His probation was revoked after it was determined in a hearing that he had violated its terms. On March 11, 1976, the appellant was sentenced on the 1974 burglary plea to a term of five years. Over two and one-half years later, on October 13, 1978, appellant filed a motion to vacate or correct his sentence under Rule 27.26 VAMR. Judge Stanley Grimm denied appellant's motion without an evidentiary hearing, holding that the record conclusively showed that appellant was entitled to no relief. Choate appeals Judge Grimm's denial.

Appellant's sole contention on appeal is that the trial judge erred in denying his 27.26 motion without holding an evidentiary hearing. He argues that such a hearing should have been held since he had raised issues of fact which were not a part of the record. Appellant contends that his plea was involuntary due to the trial court's failure to fully explain the sentence after rejecting the plea bargain agreement. He claims that he believed the maximum sentence he could receive was four years and would not have pleaded guilty if he believed he would receive more than a four year sentence.

This court will presume that findings of fact and conclusions of law by a trial judge are correct unless they are clearly erroneous. Such findings and conclusions are clearly erroneous only if a review of the entire record leaves this court with a definite and firm impression that a mistake has been made. *Anderson v. State*, 487 S.W.2d 455, 460 (Mo.1972). The appellant argues that the court's denial of his motion without an evidentiary hearing was such a mistake.

For a 27.26 movant to be entitled to an evidentiary hearing, he must plead facts, not conclusions, which if true, and not refuted by the record, would warrant relief. *Breeland v. State*, 568 S.W.2d 564, 569 (Mo. App.1978). If the files and records are conclusive in showing as a matter of law the movant is entitled to no relief an evidentiary hearing is unnecessary. *Childers v. State*, 502 S.W.2d 249, 251 (Mo.1973).

In a claim such as this, where it is contended that the trial court failed to fully explain the sentence after rejecting the plea bargain agreement, the record of the sentencing proceeding would generally be determinative of the claim. From our review of the record, we cannot say the trial court erred in finding that the record conclusively showed that the appellant was entitled to no relief.[1]

1. It must be noted that since this guilty plea was entered on June 3rd, 1974, the cases of *Schellert v. State*, 569 S.W.2d 735 (Mo. banc 1978) which requires that the defendant be given an opportunity to withdraw a guilty plea when the court has rejected the plea bargain agreement, and *Fields v. State*, 572 S.W.2d 477, 483 (Mo. banc 1978) which requires the appointment of counsel to assist indigent pro se 27.26 movants, are prospective in application and therefore do not apply to this appeal.

The court specifically told the appellant that by pleading guilty, he faced "the possibility of two to ten years in the Missouri State Penitentiary". The judge repeatedly warned the appellant that the court was not bound by the plea agreement. The judge said that if he determined that appellant should go to prison, he would send him to prison. The judge also warned appellant if the presentence investigation was unfavorable he would send appellant to prison. The appellant consistently answered that he understood the judge's statements. Appellant said that he was willing to take the calculated risk of being sent to prison. The judge then said that he was not going to sentence appellant that day, that he was going to suspend imposition of sentence and put appellant on probation for four years, subject to a favorable presentence report.

■ Nothing in this would indicate to the appellant that the maximum sentence he could receive would be four years. A plea is not involuntary merely because of an unreasonable expectation or disappointed hope of a lesser sentence. *McMahon v. State*, 569 S.W.2d 753, 758 (Mo.1978).

Here the judge carefully apprised the appellant of the risks he ran by pleading guilty. The record conclusively refuted the appellant's claim of involuntariness. As such, a hearing was unnecessary and the judge was within the bounds of his discretion in denying appellant's motion without holding a hearing. This point is ruled against the appellant.

Judgment affirmed.

REINHARD and CRIST, JJ., concur.

