James Earl VICKERY, Appellant,

v.

STATE of Missouri, Respondent.

No. 40930.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 22, 1980.

Lenzie L. Leftridge, Jr., Flat River, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Gary Stevenson, Pros. Atty., Farmington, for respondent.

DOWD, Presiding Judge.

Movant appeals from the dismissal without an evidentiary hearing of his Rule 27.26 motion to correct his judgment and sentence.

The instant action arises from movant's conviction of a crime not disclosed by the transcript following a guilty plea. Movant was sentenced to five years imprisonment. Movant's Rule 27.26 motion challenges his sentence upon the ground his sentence was enhanced based upon a prior illegal conviction.

In 1959, movant was convicted of burglary upon a guilty plea and sentenced to two years imprisonment. Movant was not represented by counsel in the 1959 proceedings. The instant 27.26 action contends the 1959 conviction was illegal because movant did not knowingly and voluntarily waive his right to counsel; that movant's current sentence was based upon the prior illegal conviction and cannot stand under *Wraggs v. State*, 549 S.W.2d 881 (Mo. banc 1977); and that, therefore, movant was entitled to an evidentiary hearing upon his motion.

In the instant Rule 27.26 proceedings, the trial court indicated it had reviewed the record from the challenged conviction and sentence. The court noted no second offender information had been filed and that the record was devoid of any mention of the

prior conviction. The trial court also read certain portions of the transcript of movant's guilty plea into the Rule 27.26 record which indicated movant pleaded guilty upon a plea-bargained recommendation of a five year sentence upon a charge carrying a maximum of a twenty year sentence. The state dismissed another count against movant as a part of the plea bargain which evidently arose from movant's cooperation with police concerning other drug, burglary, and stealing operations.

■ In order for movant to be entitled to an evidentiary hearing, movant must plead facts, which if true and not refuted by the record, would warrant relief. If the files and records are conclusive in showing as a matter of law the movant is entitled to no relief an evidentiary hearing is unnecessary. *Jackson v. State*, 585 S.W.2d 495, 597[1, 3] (Mo. banc 1979); *State v. Choate*, 588 S.W.2d 163, 164[3–4] (Mo.App.1979). The trial court in the instant case concluded the transcript of movant's guilty plea did show movant's plea was knowing and voluntary.

■ Movant did not file with us on appeal the transcript of the guilty plea giving rise to his challenged conviction and sentence. Movant has the burden of providing a transcript under Rule 81.12 containing all of the record, proceedings and evidence necessary to the determination of all questions presented upon appeal from the denial of the Rule 27.26 motion without evidentiary hearing. Upon movant's failure to fulfill the requirements of Rule 81.-12, the appellate court will not entertain movant's unsupported contentions. *State v. Tomich*, 569 S.W.2d 7 (Mo.App.1978) (appeal dismissed).[1] Upon the record before us, we cannot say the trial court's conclusion that movant's Rule 27.26 contention was refuted by the guilty plea record was erroneous.

Judgment affirmed.

CRIST and REINHARD, JJ., concur.

1. Such is not the case if the transcript is deficient through no fault or lack of diligence by movant. *Jackson v. State, supra* (court reporter died).