**Bobby Ray JOINER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 42921.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 20, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 13, 1981.

Application to Transfer Denied
May 11, 1981.

Daniel A. Beatty, Cape Girardeau, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Stephen N. Limbaugh, Jr., Pros. Atty., Cape Girardeau, for respondent.

REINHARD, Judge.

Movant appeals from a denial of his Rule 27.26 motion without an evidentiary hearing. He was convicted by a jury of the offense of first degree murder and sentenced to life imprisonment. His sentence was affirmed on appeal by this court in *State v. Joiner,* 562 S.W.2d 768 (Mo.App. 1978). In his Rule 27.26 motion, he makes numerous allegations of grounds to support the vacation of his sentence. In denying him relief, the trial court made detailed findings of fact and conclusions of law.

On appeal, he contends that two of his grounds alleged sufficient facts to entitle him to an evidentiary hearing. Here, the trial court had available to it the transcript of the original case and our opinion on direct appeal. Our review reveals that the

**4**

trial court's action was not "clearly erroneous."

 Initially, we note that an evidentiary hearing is not required on a Rule 27.26 motion where the files and records of the case show that movant is not entitled to relief. *State v. Choate*, 588 S.W.2d 163, 164 (Mo.App.1979). Neither is it required where the only issue is one of law. *Garrett v. State*, 591 S.W.2d 89, 90 (Mo.App.1979).

 Movant contends that his allegation: "that appellant [movant] was prejudiced ... in that the prosecuting attorney's continuous impeachment of movant utilizing prior conviction sentence length unduly inflamed and prejudiced the jury ..." is sufficient to require an evidentiary hearing. An evidentiary hearing would have produced nothing additional, the transcript revealed the complained-of matters. Without making a determination as to whether the questions were proper, we note that this matter is an alleged trial error and cognizable on direct appeal but not on a Rule 27.26 motion. *See Starr v. State*, 564 S.W.2d 335, 336 (Mo.App.1978). Therefore we rule this point against movant.

The movant further contends that the trial court erred in denying him an evidentiary hearing because his Rule 27.26 motion contained the allegation that his trial counsel was ineffective for failing "to object to the introduction of movant's confession on the grounds that it was not freely and voluntarily made in that movant was coerced into making the confession by the interrogating officers after subjecting appellant [movant] to severe physical and emotional stress in transporting him from Florida to Missouri ...." This claim was not raised in the movant's Rule 27.26 motion. Because movant failed to raise this point in his motion, we have nothing to review. *Plant v. State*, 547 S.W.2d 835, 836 (Mo.App.1976). In addition, before trial, counsel filed a motion to suppress and among the grounds was the statement that "all statements made by the defendant and any and all objects obtained as a result of said statements were the fruits of illegal arrest and coercion inflicted upon defend-

ant by law enforcement officials." Counsel made similar objections at the time the statements were offered. On direct appeal, we reviewed the totality of the circumstances surrounding the movant's confession and found it to be voluntary. *See State v. Joiner*, 562 S.W.2d 768 (Mo.App. 1978). The court did not err in denying movant an evidentiary hearing on this ground.

Judgment affirmed.

CRIST, P. J., and SNYDER, J., concur.